

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHARMAINE K. GASQUE,                §<br>          Plaintiff,                         §<br>                                              §<br>vs.                                          §<br>                                              §<br>CAROLYN W. COLVIN,              §<br>Acting Commissioner of Social Security, §<br>          Defendant.                      § | Civil No. 4:13-03141-MGL-TER |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND AFFIRMING DEFENDANT'S DECISION

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 12, 2015, and the Clerk of Court filed Plaintiff's objections on January 22, 2015 and her supplemental objections on January 26, 2015. The Court has carefully considered the objections and the supplemental objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff's alleges that she became disabled on August 12, 2008, due to, among other things, cervical cancer, sleep apnea, heart murmur, and reflux. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ). After the requested hearing, the ALJ issued a decision dated July 26, 2012, finding that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council subsequently denied Plaintiff's request for review, thus making the ALJ's July 26, 2012, decision Defendant's final decision for purposes of judicial review. Thereafter, Plaintiff brought her action in this Court seeking judicial review of Defendant's final decision.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to her past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v). As noted already, the ALJ determined here that Plaintiff was not disabled. Administrative Record 49.

In the ALJ's decision, he found that Plaintiff was not disabled from working because she did not have a "severe" impairment or combination of impairments. Administrative Record 24. Nevertheless, in her objections to the Report, Plaintiff states the following:

> Hello, I[,] Charmaine K. Gasque disagree with the decision being made due to the fact that I am disable[d]. I've already sent in paperwork[ ] from my doctor stating that I'm perman[ently] disable[d] and cannot work. Also, I have sent in proof where I'm on Abilify pills for my Bi-Polar Disorder. I take 20mg and these are medications that I have to take for the rest of my life. Because of my disability[,] I have been seeing my psychiatrist and couns[elor] for a year now and I have to continue seeing them. To sum this up your Honor[,] I have been through a lot these past few years fighting and struggling for what I know is right for me, and that is for me to get my [S]ocial [S]ecurity because I'm disable[d]. Thanking you in advance[,] Sincerely, Charmaine K Gasque."

Objections 1. Her supplemental objections are as follows:

> Hello. I[,] Charmaine K. Gasque [am] responding to my last briefing. Again[,] <u>I disagree with the decision being made due to the fact that I['m] disable[d].</u> It seems as though I kept being deni[e]d for my sleep apnea but not I have been clinically diagnose[d] with Bi-Polar-Disorder. Please view my case from where I'm at now v[ersus] where I was and reconsider the decision due to the fact that I'm unable to work. Thank you. Sincerely, Charmaine K. Gasque.

Supplemental Objections 1.

What the Court has quoted above is the full extent of Plaintiff's objections and supplemental objections to the Report. As Plaintiff was advised by the Magistrate, however,

> **[f]ailure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Report 17. Inasmuch as Plaintiff failed to file any specific objections to the Report, and the Court has found no clear error in the Report, Plaintiff's objections will be overruled.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein.

Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for DIB and SSI is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 27th day of January, 2015, in Columbia, South Carolina.

>   s/ Mary G. Lewis
>   MARY G. LEWIS
>   UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.